PEARSON, Judge.
Mr. and Mrs. Burgh appeal a summary final judgment entered for the appellee, James D. Carroll. The Burghs sued Carroll under the wrongful death statute, § 768.01, Fla.Stat., F.S.A. The trial judge ruled that they were not entitled to maintain the action because they were not dependents within the meaning of § 768.02, Fla.Stat., F.S.A.
Harry Gangler, age 53, was killed June 3, 1967, when he was struck by an automobile owned and driven by James D. Carroll. He had been living with his niece Patricia Burgh, her husband, Robert Burgh, and the Burghs’ children for ten to twelve years prior to his death. The Burghs and Mr. Gangler had lived in Bruce, Wisconsin, where Robert Burgh owned a farm. Mr Burgh has not been able to work since 1956; he suffers from rheumatoid arthritis and receives payments from the Veterans Administration for a 100% disability. Mr. Gangler received payments from the Veterans Administration, although he was able to work. At no time during the long period he lived with the Burghs did he fail to contribute less than $150.00 a month to the maintenance of the household.
In 1966 Mr. Gangler convinced the family to move to Miami; they all believed the climate would benefit Mr. Burgh’s health. The Burghs agreed to move only after Mr. Gangler promised to make any mortgage payments which the Burghs might be obligated to pay if they bought a home in Florida. The Burghs bought a house in Miami, and Mr. Gangler made the entire mortgage payment, $131, every month. Mr. Gangler also contributed an average of $10.00 a week for food and other necessities. At the time of his death, Mr. Gangler was earning between 45 and 50 dollars a week. After Mr. Gangler’s death, the Burghs’ financial situation deteriorated. Mrs. Burgh had to seek full-time employment,[1] and one of the children had to discontinue his education and get a job in order to increase the family income.
In the case of Duval v. Hunt, 34 Fla. 85, 15 So. 876 (1894), the Supreme Court of Florida set out the following test for determining whether a person is a dependent entitled to institute an action under the wrongful death statute:
“We think that when the suit is brought by a person who bases his right to recover upon the fact that he is a dependent upon the deceased for support, then he must show, regardless of any ties of relationship or strict legal right to such support, that he or she was, either from the disability of age, or nonage, physical *355 or mental incapacity, coupled with the lack of property means, dependent in fact upon the deceased for a support. There must be, when adults claim such dependence, an actual inability to support themselves, and an actual dependence upon some one else for support, coupled with a reasonable expectation of support, or with some reasonable claim to support, from the deceased.” IS So. at 881.
The plaintiffs in Duval v. Hunt were Ann B. Hunt (the decedent’s mother), Annie V! Hunt and Catherine H. Hunt (the decedent’s adult sisters), Sarah A. Hunt (the decedent’s minor sister), and Celia M. Hunt (the decedent’s minor niece). The court held that the decedent’s mother, his minor sister, and his minor niece met the test set forth above and had the right to sue under the wrongful death statute. The court further held that the decedent’s adult sisters were not within the class of dependents contemplated by the statute.
The Duval v. Hunt test has been applied consistently in Florida. See Benoit v. Miami Beach Electric Co., 85 Fla. 396, 96 So. 158 (1923); W. B. Harbeson Lumber Co. v Anderson, 102 Fla. 731, 136 So. 557 (1931); Wadsworth v. Friend, Fla.App.1967, 201 So.2d 641. See also Self v. Sinclair Refining Co., 69 F.2d 948 (5th Cir.1934).
When we view the ultimate facts of the appellants’ case in the most favorable light to the appellants and draw from those facts the most favorable reasonable inferences, we conclude that the appellants do not meet the Duval v. Hunt requirements. We therefore agree with the trial court’s conclusion that the appellants are not dependents within the meaning of § 768.02 There is nothing in the record which tends to prove that the appellants were unable to provide for themselves before Harry Gang-ler’s death. Moreover, the facts illustrate that they have been able to provide for themselves since his death. The facts clearly show that there was no lack of property means for support sufficient to make the appellants dependent upon the deceased uncle. In addition, it appears that Harry Gangler was under no moral obligation to support the Burghs, although they argue that such a moral obligation might have grown out of Harry Gangler’s promise to make mortgage payments if the family moved from Wisconsin to Florida. We think that such a promise followed by several years of contribution to family funds by a person who lives with a family is not sufficient to establish a moral obligation to support the family.
Accordingly, it appears that there is no genuine issue of material fact and that the summary judgment was properly entered.
Affirmed.

. She had worked part-time during the Christmas season to be able to buy Christmas presents, etc.