PER CURIAM.
The circuit court of the Eleventh Judicial Circuit has certified to this court, in accordance with FAR 4.6, the following question for determination:
“Whether § 1[.01] (14) or § 743,07, Florida Statutes, purport to and/or expressly or impliedly repeal or amend the provisions of §§ 768.16-768.27, Florida Statutes, so as to change the definition of the word 'minor’ contained in the latter statutes to mean ‘any unmarried child under the age of eighteen years of age,’ as opposed to ‘any unmarried child under the age of twenty-one years of age’ ”
The rule provides for certification when questions are determinative of the cause and are without controlling precedent. We find that the question meets the requirements and is within the limitations of subsection “b” of the rule. The facts of the case, as stated in the order of certification, are as follows:
John Scott Hanley, the natural son of John and Joan Hanley, was born on January 30, 1956, and at all times pertinent hereto was a member of the household of Joan Hanley and dependent upon her for his support.
The complaint which initiated the within cause was filed by Joan Hanley, acting in her capacity as administratrix of the estate of John Scott Hanley, deceased, and seeks wrongful death damages on behalf of the decedent’s estate and for the use and benefit of John Hanley and Joan Hanley, individually, under the aegis of new Florida Wrongful Death Act, Fla.Stat. §§ 768.16 et seq. The complaint contains the following pertinent damage allegations:
* * * * * *
“12. That as a direct and proximate result of the negligence of the defendants as alleged before, the Estate of the decedent has suffered a loss of the probable accumulation of the Estate of the decedent had he been able to live and *303 work for the rest of his normal life. That the deceased minor lived at home at the time of his death and was supported by JOAN and JOHN HANLEY; that JOAN HANLEY as the natural mother and JOHN HANLEY, as the natural father suffered great mental pain and suffering as a result of the death of their minor son; that the Estate has incurred funeral expenses.”
******
The defendants moved to strike all claims for damages based upon the allegation of the minority of the deceased.[1]
The chronology and pertinent portions of the statutes enumerated in the question are as follows: The applicable (and present) Wrongful Death Act is Fla.Stat. §§ 768.-16-768.27. It was enacted by the Legislature in Laws of Florida 1972, as Ch. 72-35. It became effective on July 1, 1972. Section 768.18 thereof provides:
“768.18 Definitions. — As used in §§ 768.16-768.27:
“(1) ‘Survivors’ means the decedent’s spouse, minor children, parents, and, when partly or wholly dependent on the decedent for support or services, any blood relatives and adoptive brothers and sisters. It includes the illegitimate child of a mother, but not the illegitimate child of the father unless the father has recognized a responsibility for the child’s support.
“(2) ‘Minor children’ means unmarried children under twenty-one (21) years of age.
“(3) ‘Support’ includes contributions in kind as well as money.
“(4) ‘Services’ means tasks, usually of a household nature, regularly performed by the decedent that will be a necessary expense to the survivors of the decedent. These services may vary according to the identity of the decedent and survivor and shall be determined under the particular facts of each case.
“(5) ‘Net accumulations’ means the part of the decedent’s expected net business or salary income, including pension benefits, that the decedent probably would have retained as savings and left as part of his estate if he had lived his normal life expectancy. ‘Net business or salary income’ is the part of the decedent’s probable gross income after taxes, excluding income from investments continuing beyond death, that remains after deducting the decedent’s personal expenses and support of survivors, excluding contributions in kind.”
In the legislative session in 1973, the Legislature enacted “The Florida Emancipation Act,” Ch. 73-21, §§ 2 and 3, Laws of Florida 1973, now appearing as Fla.Stat. § 743.07. The provisions of the Act became effective July 1, 1973. Section 743.-07 provides:
******
“Rights, privileges, and obligations of persons 18 years of age or older
“(1) The disability of nonage is hereby removed for all persons in this state who are 18 years of age or older, and they shall enjoy and suffer the rights, privileges and obligations of all persons 21 years of age or older except as otherwise excluded by the state constitution immediately preceding the effective date of this section.
“(2) This act shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years; and any crippled child as defined in chapter 391 shall receive benefits under the provisions of said chapter until age 21, the provisions of this section to the contrary notwithstanding.
*304 . “(3) This section shall operate prospectively and not retrospectively and shall not affect the rights and obligations existing prior to July 1, 1973.”
******
Section 1 of Ch. 73-21, Laws of Fla. 1973, added a new definition under Title 1 of the Florida Statutes. This definition appears as Fla.Stat. § 1.01(14), and provides :
“1.01 Definitions.
‘T.01 Definitions. — In construing these statutes and each and every word, phrase, or part hereof, where the context will permit:
* * * * * *
“(1.4) The word 'minor’ includes any person who has not attained the age of 18 years.”
The defendants urge that under the Wrongful Death Act “minor children” were defined as “unmarried children under twenty-one (21) years of age.” Fla.Stat. § 768.16-768.27. This definition was changed by the subsequent act of the Florida Legislature in 1973, Fla.Stat. § 743.07. The subsequent statute removed the disability of nonage “for all persons in this state who are 18 years of age or older.” The statute provides that these persons “shall enjoy and suffer the rights, privileges and obligations of all persons 21 years of age or older . . . ” In addition, the Legislature provided:
“Section 4. Any law inconsistent herewith is hereby repealed to the extent of such inconsistency. In editing the manuscript for the next revision of the Florida Statutes, the statutory revision and indexing service is hereby directed to conform existing statutes to the provisions of this act.”
Ch. 73-21, Laws of Florida.
On the other hand, the plaintiffs urge that the Florida Wrongful Death Act has nothing whatsoever to do with dead human beings or the rights of dead human beings. It is argued that the act creates a cause of action where none existed before in favor of legislatively-designated and defined beneficiaries, and defines the status of those live human beings entitled to recover thereunder. Further, it is argued that the act creates a right of action in the parents for the death of “minor children” (Fla.Stat. §§ 768.19 and .21) and that it specifically defines the phrase “minor children” to mean “unmarried children under twenty-one (21) years of age” (Fla.Stat. § 768.18). The argument goes on to assert that this definition merely defines and refines the right of the live human beings in whom the cause of action is vested and that the Legislature, within its authority, could easily have provided by definition that the phrase “minor children” encompass “unmarried children under 25 years of age.” Finally, plaintiffs urge that the legislative history of the session in which the Florida Emancipation Act, Fla.Stat. § 743.-07, was passed demonstrates the intention of the Legislature to leave intact the 21 year old provision of the law applicable to the Wrongful Death Statute, Fla.Stat. §§ 768.16-768.27. It is pointed out that two proposed revisor’s bills, as finally introduced, were changed so as not to revise the! definition of a minor under the Wrongful Death Statute. However, until the legislature actually passes a revisor’s bill providing that the definition of “minor” under the Wrongful Death Statute not be revised, we cannot take judicial cognizance of such a position.
Accordingly, we hold that the definition of a minor in the Wrongful Death Statute was changed from 21 to 18 years of age by the Florida Emancipation Act. Therefore, we answer the question certified in the affirmative.
The basic tenet for statutory construction is that the purpose of the Legislature should be determined where possible from the language of the statute. McDonald v. Roland, Fla.1953, 65 So.2d 12. *305 The Florida Emanicipation Act by its plain language changes the “Rights, privileges and obligations of persons 18 years of age or older.” The right to recover for the wrongful death of a minor is based upon the obligations of the minor. See Seaboard Airline Ry. v. Moseley, 1910, 60 Fla. 186, 53 So. 718; Wilkie v. Roberts, 1926, 91 Fla. 1064, 109 So. 225; and Williams v. Legree, Fla.App.1968, 206 So.2d 13. The obligation of a normal adult is to care for himself. A person may not be a dependent member of a family and an independent adult at the same time; this would be a contradiction of terms. Thus, an 18 year old has no legal obligation within the family and, as such, has no legal benefit of support. See White v. White, Fla.App. 1974, 296 So.2d 619; Warren v. Warren Fla.App.1974, 306 So.2d 197; and Todd v. Todd, Fla.App.1975, 311 So.2d 769. We, therefore, hold that for all legal purposes a minor “includes any person who has not attained the age of 18 years.”
The certified question is answered in the affirmative.

. We have accepted the question as determinative of the cause upon the stipulation of the parties that all damages not based upon the allegation of minority have been settled.