334 So.2d 11 (1976)
Joan HANLEY, Administratrix of the Estate of John Scott Hanley, a Minor, Deceased, Petitioner,
v.
LIBERTY MUTUAL INSURANCE COMPANY, a Foreign Corporation, et al., Respondents.
No. 48617.
Supreme Court of Florida.
May 28, 1976.
Rehearing Denied July 16, 1976.
Edward A. Perse of Horton, Perse & Ginsberg, and Brumer, Moss, Cohen & Rodgers, Miami, for petitioner.
Mark Hicks of Blackwell, Walker, Gray, Powers, Flick & Hoehl, Miami, for respondents.
Robert Orseck of Podhurst, Orseck & Parks, and Tony Cunningham of Wagner, Cunningham, Vaughan, May & Genders, Tampa, for The Academy of Florida Trial Lawyers, amicus curiae.
Mayo C. Johnston and William A. Cooper, Jr., of Davenport, Johnston, Harris, Gerde & Harrison, Panama City, for Mildred A. Sellers, amicus curiae.
J. Robert Hughes of Barron, Redding, Boggs & Hughes, Panama City, for Charles Edwin Skipper, L.C. Carter and National Indem. Co., amicus curiae.
Lynn C. Higby and George P. Daniels of Isler, Higby, Brown & Smoak, Panama City, for William Ellis Martin, Sinclair Operating Co., General Acc. Fire and Life Assur. Corp., Ltd., and Western Elec. Co., amicus curiae.
Bill R. Hutto of Syfrett, Hutto, O'Brien & Paulk, Panama City, for Olan Maxwell McQuaggle, Emmitt L. Smith, d/b/a Bayview Dairy and American States Ins. Co., amicus curiae.
ROBERTS, Justice.
We have for review on petition for writ of certiorari granted a certified decision from the District Court of Appeal, Third District, in Hanley, etc., v. Liberty Mutual Insurance Co., etc., et al., reported at 323 So.2d 301 (Fla.App. 3rd 1975). We have jurisdiction pursuant to Article V, Section 3(b)(3), Constitution of Florida.
The Circuit Court certified the following question to the District Court of Appeal, Third District:
"Whether § 1[.01](14) or § 743.07, Florida Statutes, purport to and/or expressly or impliedly repeal or amend the provisions of §§ 768.16-768.27, Florida Statutes, so as to change the definition *12 of the word `minor' contained in the latter statutes to mean `any unmarried child under the age of eighteen years of age,' as opposed to `any unmarried child under the age of twenty-one years of age'"
The relevant facts are succinctly stated in the decision of the District Court under review, as follows:
"John Scott Hanley, the natural son of John and Joan Hanley, was born on January 30, 1956, and at all times pertinent hereto was a member of the household of Joan Hanley and dependent upon her for his support.
"The complaint which initiated the within case was filed by Joan Hanley, acting in her capacity as administratrix of the estate of John Scott Hanley, deceased, and seeks wrongful death damages on behalf of the decedent's estate and for the use and benefit of John Hanley and Joan Hanley, individually, under the aegis of new Florida Wrongful Death Act, Fla. Stat. §§ 768.16 et seq. The complaint contains the following pertinent damage allegations:
* * * * * *
"`12. That as a direct and proximate result of the negligence of the defendants as alleged before, the Estate of the decedent has suffered a loss of the probable accumulation of the Estate of the decedent had he been able to live and work for the rest of his normal life. That the deceased minor lived at home at the time of his death and was supported by JOAN and JOHN HANLEY; that JOAN HANLEY as the natural mother and JOHN HANLEY, as the natural father suffered great mental pain and suffering as a result of the death of their minor son; that the Estate has incurred funeral expenses.'
* * * * * *
"The defendants moved to strike all claims for damages based upon the allegation of the minority of the deceased. (We have accepted the question as determinative of the cause upon the stipulation of the parties that all damages not based upon the allegation of minority have been settled.)"
The District Court responded affirmatively to the certified question, determined that the definition of minor child in the Wrongful Death Statutes,[1] Ch. 72-35, which became effective July 1, 1972, was changed from 21 to 18 years of age by the Florida Emancipation Act, Chapter 73-21, Laws of Florida, effective July 1, 1973, and reasoned:
"The basic tenet for statutory construction is that the purpose of the Legislature should be determined where possible from the language of the statute. McDonald v. Roland, Fla. 1953, 65 So.2d 12. The Florida Emancipation Act by its plain language changes the `Rights, privileges and obligations of persons 18 years of age or older.' The right to recover for the wrongful death of a minor is based upon the obligations of the minor. See Seaboard Airline Ry. v. Moseley, Fla. 1910, 60 Fla. 186, 53 So. 718; Wilkie v. Roberts, Fla. 1926, 91 Fla. 1064, 109 So. 225; and Williams v. Legree, Fla.App. 1968, 206 So.2d 13. The obligation of a normal adult is to care for himself. A person may not be a dependent member of a family and an independent adult at the same time; this would be a contradiction of terms. Thus, an 18 year old has no legal obligation within the family and, as such, has no legal benefit of support.'
We agree that the posited question should be answered in the affirmative. Section *13 743.07, Florida Statutes (Ch. 73-21, Laws of Florida), provides:
"743.07 Rights, privileges, and obligations of persons 18 years of age or older. 
(1) The disability of nonage is hereby removed for all persons in this state who are 18 years of age or older, and they shall enjoy and suffer the rights, privileges and obligations of all persons 21 years of age or older except as otherwise excluded by the state constitution immediately preceding the effective date of this section.
(2) This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years; and any crippled child as defined in chapter 391 shall receive benefits under the provisions of said chapter until age 21, the provisions of this section to the contrary notwithstanding.
(3) This section shall operate prospectively and not retrospectively, and shall not affect the rights and obligations existing prior to July 1, 1973."
Section 1.01(14), Florida Statutes (Ch. 73-21, Laws of Florida), provides:
"In construing these statutes and each and every word, phrase or part hereof, where the context will permit:
(14) The word `minor' includes any person who has not attained the age of 18 years."
Significantly, we find that the Legislature expressly stated in Chapter 73-21, Laws of Florida, the latest expression of the Legislature as to the definition of "minor," that:
"Any law inconsistent herewith is hereby repealed to the extent of such inconsistency. In editing the manuscript for the next revision of the Florida Statutes, the statutory revision and indexing service is hereby directed to conform existing statutes to the provisions of this act." (emphasis supplied)
The legislative intent is clearly and plainly expressed in Chapter 73-21, Laws of Florida, specifically directing that laws containing a definition of minor inconsistent with the newly created definition of "minor" as one who has not attained the age of 21 years be repealed to the extent of inconsistency.
The District Court correctly decided that Chapter 73-21 amended the definition of "minor" as contained in Sections 768.16 to 768.27 to mean any unmarried child under the age of 18 years of age as opposed to any unmarried child under the age of 21 years of age.
Accordingly, the question posed is answered in the affirmative and the decision of the District Court is affirmed.
It is so ordered.
OVERTON, C.J., and ADKINS, BOYD and SUNDBERG, JJ., concur.
NOTES
[1] Section 768.18(2) provides: "`Minor children' means unmarried children under twenty-one years of age."