QUESTION:
Does s. 743.07, F. S., the Adult Rights Act, impliedly amend s. 849.06, F. S., so as to permit persons 18 years of age and older to frequent, visit, or play in billiard parlors within the state?
SUMMARY:
Section 743.07, F. S., the Adult Rights Act, amends s. 849.06, F. S., so as to permit persons 18 years of age and older to frequent, visit, or play in billiard parlors within the state.
Section 849.06, F. S., provides in pertinent part as follows:
 (1) It is unlawful for any person, his servant or employee to permit anyone under the age of 21 years to visit or frequent or play in any billiard parlor in the state; provided, however, this shall not apply to any person on active duty in the Armed Services of the United States, or who has a written permit or card signed and notarized by his parent or guardian and filed in the establishment to which the permit or card is given by the parent or guardian of the minor involved, or a married minor, or when accompanied by parent or guardian. The said permit card shall be valid only in the establishment to which it is issued, and such permit card may be revoked at any time by the parent or guardian, or by the operator of said billiard parlor by returning the card to the parent or guardian, or by any law enforcement officer upon conviction of the party or parties of a crime. No written permit shall be valid in any establishment which sells or permits consumption on its premises of intoxicating or alcoholic beverages.
 (2) Persons playing billiards in bona fide bowling establishments and persons frequenting such establishments are exempt from the provisions contained in subsection (1). For the purposes of this section a `bona fide bowling establishment' shall be one consisting of 12 lanes or more.
The Adult Rights Act, s. 743.07, F. S. (Ch. 73-21, Laws of Florida), states:
 (1) The disability of nonage is hereby removed for all persons in this state who are 18 years of age or older, and they shall enjoy and suffer the rights, privileges, and obligations of all persons 21 years of age or older except as otherwise excluded by the State Constitution immediately preceding the effective date of this section.
 (2) This section shall not prohibit any court of competent jurisdiction from requiring support for a dependent person beyond the age of 18 years; and any crippled child as defined in chapter 391 shall receive benefits under the provisions of said chapter until age 21, the provisions of this section to the contrary notwithstanding.
 (3) This section shall operate prospectively and not retrospectively, and shall not affect the rights and obligations existing prior to July 1, 1973.
Section 1.01(14), F. S., provides:
 . . . In construing these statutes and each and every word, phrase or part thereof, where the context will permit:
 (14) The word `minor' includes any person who has not attained the age of 18 years.
Section 743.07, F. S., set forth above, clearly states that all persons 18 years of age or older shall enjoy and suffer the same rights, privileges, and obligations of all persons 21 years of age or older.
At s. 4, Ch. 73-21, supra, the Legislature further provided that:
 Any law inconsistent herewith is hereby repealed to the extent of such inconsistency. In editing the manuscript for the next revision of the Florida Statutes, the statutory revision and indexing service is hereby directed to conform existing statutes to the provisions of this act.
While revisers' bills which would have amended s. 849.06, F. S., have yet to be enacted into law by the Legislature, the courts of this state have stated that the Legislature intended by enactment of Ch. 73-21, supra, to change the rights, privileges, and obligations of persons 18 years of age or older. See Hanley v. Liberty Mutual Insurance Company, 323 So.2d 301 (3 D.C.A. Fla., 1975), aff'd 334 So.2d 11 (Fla. 1976).
Laws such as s. 849.06, F. S., which contain a definition of a minor inconsistent with the newly created definition of `minor' as one who has not attained the age of 18 years are repealed to the extent of such inconsistency. Hanley, supra, at 13. Also see AGO's 073-453, 073-206, and 073-207.
Accordingly, I am of the view that Ch. 73-21, supra, has amended s. 849.06, F. S., so as to prohibit persons who have not yet attained the age of eighteen from visiting, frequenting, or playing in billiard parlors in the state unless certain conditions specified therein are met.
Prepared by: Sharyn L. Smith Assistant Attorney General