KEHOE, Judge.
Appellants, plaintiffs below, bring this appeal from a summary judgment dated July 31, 1975, entered by the trial court in favor of appellees, defendants below.
Appellants’ basic contention on appeal is that the trial court erred, in granting appellees’ motion for summary judgment against the claims of appellants Hector and Sylvia Guillen, because it misinterpreted the word “survivors” in Section 768.-18, Florida Statutes (1975). The trial court interpreted the word “survivors” as follows:
“That notwithstanding the liberal construction to be applied in accordance with Florida Statutes 768.17, this Court construes a blood relative, partly or wholly dependent on a decedent for support or services, to require actual dependency, though same may be partial, in order to qualify as a ‘survivor’ under the ‘Florida Wrongful Death Act’, and the word ‘dependent’ connotes one who looks to another for aid or support, relies upon same, and one who would not be able to sustain himself without such aid or support, and the Plaintiff brother, Hector Guillen, and the Plaintiff sister, Sylvia F. Guillen, do not qualify as ‘survivors’ as a matter of law under the facts in this cause.”
In our opinion, this was a correct interpretation. See Duval v. Hunt, 34 Fla. 85, 15 So. 876 (1894), and Burgh v. Carroll, 217 So.2d 353 (Fla. 3d DCA 1969).
Having determined that Hector and Sylvia Guillen were not survivors under the Florida Wrongful Death Act, the trial court also found that there was no genuine issue of any material fact and, accordingly, entered the order granting appellees’ motion for summary judgment. After a careful review of the record, we have concluded that the order was properly entered; therefore, it is affirmed. See, e. g., Wesley Construction Co. v. Lane, 323 So.2d 649 (Fla. 3d DCA 1975); Ham v. Heintzelman’s Ford, Inc., 256 So.2d 264 (Fla. 4th DCA 1971); Turner Produce Co. v. Lake Shore Growers Coop. Ass’n, 217 So.2d 856 (Fla. 4th DCA 1969), and Fla.R.Civ.P. 1.510.
Affirmed.