382 So.2d 1329 (1980)
Clark McPHAIL, Individually, Diane McPhail, Individually, and Clark McPhail As Personal Representative of the Estate of Michelle Marie McPhail, Deceased, Appellants,
v.
G. Frank JENKINS, D.D.S., Appellee.
No. NN-463.
District Court of Appeal of Florida, First District.
April 25, 1980.
*1330 Charles B. Lembcke of Datz, Jacobson & Lembcke, Jacksonville, for appellants.
Carle A. Felton, Jr., and Noah H. Jenerette, Jr. of Boyd, Jenerette, Leemis & Staas, Jacksonville, for appellee.
LARRY G. SMITH, Judge.
Appellants, the McPhails, seek reversal of an order dismissing their complaint for damages arising from the death of their daughter occasioned by her alleged oversedation by appellee, Dr. Jenkins. This tragic event occurred while Dr. Jenkins was removing the wisdom teeth of the McPhail's daughter, who was only fifteen days past her eighteenth birthday on April 12, 1977, the day of her death. The McPhails assert that it was error for the trial court to dismiss their wrongful death claims for mental pain and suffering, contending that the legislature, by changing the age of majority from twenty-one to eighteen (Section 743.07, Florida Statutes (1973)), never intended to reduce the age limit for recovery for wrongful death of dependent unmarried children from twenty-one to eighteen years under the Wrongful Death Act, Section 768.18(2), Florida Statutes (1972). They further maintain that the actions of Dr. Jenkins were so outrageous they should be allowed to recover for mental suffering and distress even unconnected with physical injury. Upon careful consideration of these and other contentions advanced by appellants, we must conclude that the trial judge was correct in terminating this litigation. We affirm.
The Wrongful Death Act, enacted in 1972, defined the term "minor" to mean "unmarried children under twenty-one years of age." Section 768.18(2), Florida Statutes (1972). However, in 1973, the legislature changed the age of majority from twenty-one years to eighteen years. Section 743.07, Florida Statutes (1973). The Supreme Court of Florida, in Hanley v. Liberty Mutual Insurance Company, 334 So.2d 11 (Fla. 1976), ruled that the legislature, by amending the Emancipation Act, intended to reduce the age of majority for wrongful death purposes from twenty-one years to eighteen years. Appellants contend that the Supreme Court misread the legislative intent; and in support of this view they point to the 1977 amendment to Section 768.18(2), Florida Statutes, which provides that the term "minor," for wrongful death purposes, shall include "dependent unmarried children under 21 years of age, notwithstanding the age of majority." Although appellants recognize that statutes are not to be construed retroactively, they contend that since Section 768.17 provides that provisions of the wrongful death statute are remedial, it follows that the 1977 amendment to Section 768.18(2) may be applied retroactively, citing Village of El Portal v. City of Miami Shores, 362 So.2d 275 (Fla. 1978). They further contend that denial of a legal remedy, under the circumstances, violates Article I, Section 21, Florida Constitution. Klugar v. White, 281 So.2d 1 (Fla. 1973), and Overland Construction Company v. Sirmons, 369 So.2d 572 (Fla. 1979).
Notwithstanding the contrary position taken by appellants, we conclude that this court is bound by the decision of the Florida Supreme Court in Hanley v. Liberty Mutual Insurance Company, supra. This court is without power to overrule Supreme Court precedent. Hoffman v. Jones, 280 So.2d 431 (Fla. 1973). The decision in Hanley, therefore, stands as the applicable judicial interpretation of the legislation controlling at the time the cause of action arose. We are not permitted to give the 1977 amendment to Section 768.18(2) retroactive application in the absence of language indicating its retroactive application in clear and explicit terms. Foley v. Morris, 339 So.2d 215 (Fla. 1976); Carter v. GEICO, 377 So.2d 242 (Fla. 1st DCA 1979); Yamaha Parts Distributors, Inc. v. Ehrman, 316 So.2d 557 (Fla. 1975). Village of El Portal, relied upon by plaintiffs, does not authorize a contrary view, since that case dealt with a statute which provided for retroactive application. Furthermore, as to the constitutional argument, we must point out that at common law there was no right of recovery for wrongful death, and we thus distinguish Klugar v. White, which was concerned with *1331 legislative abrogation of a common law right without providing a substitute remedy.
We must also reject appellants' contention that the actions complained of were so outrageous as to imply malice, so as to authorize recovery under the principles announced in Kirksey v. Jernigan, 45 So.2d 188 (Fla. 1950), and Knowles Animal Hospital, Inc. v. Wills, 360 So.2d 37 (Fla. 3rd DCA 1978). We are of the opinion that the allegations of the second amended complaint, even if taken as true, are consistent only with the theory of negligence, and they do not reasonably imply malice or the entire want of care or attention to duty, or great indifference to the person of others such as was held to warrant recovery in Kirksey v. Jernigan. See Brooks v. South Broward Hospital District, 325 So.2d 479 (Fla. 4th DCA 1975), Gilliam v. Stewart, 291 So.2d 593 (Fla. 1974), and Ford Motor Credit Corp. v. Sheehan, 373 So.2d 956 (Fla. 1st DCA 1979).
We must also hold that appellants are not entitled to recovery based upon the theory that Dr. Jenkins breached his contractual responsibility to them, as parents of the deceased child. Even if we assume the existence of a contractual duty enforceable by appellants, the breach of that duty is the tortious failure to use reasonable care, and we find no authority for avoidance of the limitations of the Florida Wrongful Death Act by couching the complaint in terms of a contract action. No matter what we consider the basis for the action, the claim is for damages resulting from wrongful death, recovery for which is governed by the statute.
We find no error in the trial court's dismissal of Counts One and Two, nor in the striking of the claims for mental pain and suffering from Count Three.
The order appealed from is AFFIRMED.
McCORD and SHIVERS, JJ., concur.