PER CURIAM.
This appeal requires us to determine whether minor children not financially dependent on their mother have standing to sue for her death under the applicable wrongful death act. The trial court entered summary final judgment in favor of the defendants. We reverse.
Lynn Laskey was killed in an automobile accident in March, 1979. She was divorced, and her two minor children resided with and were financially supported by their father. The trial court held the children ages nine and ten could not be deemed survivors under the Wrongful Death Act as amended in 1977 and in effect at the time of the accident.
The purpose of the Wrongful Death Act is “to protect the family and dependents of an individual in the event of wrongful death.” Garner v. Ward, 251 So.2d 252 (Fla.1971). Prior to 1977 it was clear under the statute that some classes of survivors had standing only if they were dependent on the decedent, while the standing of others was unaffected by their dependency. Minor children were in the latter category. Before it was amended in 1977 the Wrongful Death Act read, in pertinent part, as follows:
768.16Short title. — Sections 768.16-768.27 may be cited as the “Florida Wrongful Death Act.”
768.17 Legislative intent. — It is the public policy of the state to shift the losses resulting when wrongful death occurs from the survivors of the decedent to the wrongdoer. Sections 768.16-768.-27 are remedial and shall be liberally construed.
768.18 Definitions. — As used in ss. 768.16-768.27:
(1) “Survivors” means the decedent’s spouse, minor children, parents, and, when partly or wholly dependent on the decedent for support or services, any blood relatives and adoptive brothers and sisters. It includes the illegitimate child of a mother, but not the illegitimate child of the father unless the father has recognized a responsibility for the child’s support.
(2) “Minor children” means unmarried children under 21 years of age.
Florida Statutes (1975) (footnote omitted).
The 1977 legislature adopted Section 40, Chapter 77-468, Laws of Florida, which states:
Section 40. Subsection (2) of section 768.18, Florida Statutes, is amended to read:
768.18Definitions. — As used in ss. 768.16-768.27:
(2) “Minor children” means dependent unmarried children under 21 years of age notwithstanding the age of majority.
It may be noted that in 1981 the legislature again amended section 768.18(2) to read as follows:
“Minor children” means children under 25 years of age, notwithstanding the age of majority.
Ch. 81-183, § 1, Laws of Fla.; § 768.18(2), Fla.Stat. (1981). This version cannot be applied to this case.
The defendants/appellees evidently persuaded the trial court that insertion of the word “dependent” in the Section 40, Chapter 77-468, version of Section 768.18(2) had the effect of withdrawing standing from minor children of a decedent who were not economically dependent on the decedent. We disagree.
*998 As it existed after the 1977 amendments the wrongful death act read as follows:
768.18 Definitions. — As used in ss. 768.16-768.27:
(1) “Survivors” means the decedent’s spouse, minor children, parents, and when partly or wholly dependent on the decedent for support or services, any blood relatives and adoptive brothers and sisters. It includes the illegitimate child of a mother, but not the illegitimate child of the father unless the father has recognized a responsibility for the child’s support.
(2) “Minor children” means dependent unmarried children under 21 years of age, notwithstanding the age of majority.
(3) “Support” includes contributions in kind as well as money. [Emphasis added]
It is reasonable to conclude that the term “dependent” in subsections (1) and (2) should be given the same construction. Thus a child who was dependent on a deceased parent for “support or services” is included as a survivor. Further, the “Damages” section of the Statute, Section 768.-21, Florida Statutes (1977) states:
(3) Minor children of the decedent may also recover for lost parental companionship, instruction, and guidance and for mental pain and suffering from the date of injury.
Children are certainly dependent upon their parents for companionship, instruction and guidance and for the love which comes with each. This remains true whether or not that parent is then contributing money to that child.
Indeed, appellee’s brief does not really contest this but instead argues that discovery showed that the deceased mother had stopped giving “love, care and [emotional] support” to the children. Suffice it to say our review of the record convinces us there is at least an issue of fact as to the continued love, care, and support by the mother. Poignantly, the mother was planning a visit to the children at the time of her death.
In conclusion, we hold that the children here met the test of dependency as required under the act and that factual issues were present.
REVERSED and REMANDED for further proceedings.
LETTS and BERANEK, JJ., concur.
GLICKSTEIN, J., concurs specially with opinion.