NIMMONS, Judge.
This is an appeal from a directed verdict in favor of the defendant and against the two plaintiffs (children of the deceased) in a wrongful death action. We reverse.
This case arose out of the death of Maxine Owens on May 11, 1976. Clarence Owens, the deceased’s husband and personal representative of the estate, brought a wrongful death action on behalf of the estate, himself, and the deceased’s two youngest children, Nyama and Annette. The case was tried before a jury in December, 1984. At the close of plaintiff’s case, defendants moved for a directed verdict as to the two daughters, contending that, as a matter of law, they were not “survivors” within the meaning of Section 768.18(1) of the Florida Wrongful Death Act as it existed in 1976.[1] The trial court granted the motion. The jury returned a verdict on the remainder of the claim against both defendants and awarded damages to the estate and to the spouse. The trial court’s judgment on the directed verdict against the claims on behalf of Annette and Nyama is the subject of the instant appeal.[2]
The basic facts are not in dispute. Nya-ma Owens was 18 years old at the time of her mother’s death. She was a senior in high school and lived at home. She did not work and all her needs were provided for by her parents. Annette Owens was 19 years old, lived in an apartment owned by the parents, was a full time student at Florida A & M, was supported entirely by her parents, and did not work. The decedent provided financial support and other support that a mother usually provides for her daughters, including cooking, sewing, companionship and love. Neither child was mentally or physically disabled.
*508 Section 768.18(1), Florida Statutes (1975), which allowed survivors to bring a wrongful death action, defined survivors as follows:
“Survivors” means the decedent’s spouse, minor children, parents, and, when partly or wholly dependent on the decedent for support or services, any blood relatives and adoptive brothers and sisters. It includes illegitimate children of a mother, but not of a father unless the father has recognized a responsibility for the child’s support.
(Emphasis supplied.) The term “minor children” was defined as “unmarried children under 21 years of age.” Section 768.18(2), Florida Statutes (1975). In 1976, the Florida Supreme Court, in Handley v. Liberty Mutual Insurance Company, 334 So.2d 11 (Fla.1976), determined that Chapter 73-21, Laws of Florida (sometimes referred to as the “Florida Emancipation Act”[3]), which lowered the age of majority in general to eighteen, effectively amended the definition of “minor children” under the Wrongful Death Act to mean a child under age 18 instead of under age 21. As this was the controlling law at the time of the decedent’s death, Nyama and Annette were not considered “minor children.” Neverthless, they contend that they were entitled to bring the action under the above quoted statute because they were “blood relatives” and were “partly or wholly dependent on the decedent for support or services.” We agree.
Appellees urge upon us a definition of “dependency” similar to that adopted by the Florida Supreme Court many years ago when it construed a predecessor Wrongful Death Act (Chapter 3439, approved February 28, 1883). In Duval v. Hunt, 34 Fla. 85, 15 So. 876 (1894), the Court said:
We think that when the suit is brought by a person who bases his right to recover upon the fact that he is a dependent upon the deceased for support, then he must show, regardless of any ties of relationship or strict legal right to such support, that he or she was, either from the disability of age, or nonage, physical or mental incapacity, coupled with a lack of property means, dependent in fact upon the deceased for a support.
Id. at 881. Appellees argue that this definition requires actual physical or mental limitation in order for an adult to be a dependent. Whether or not that is in fact what Duval required, several factors preclude us from adopting that definition as the definition of dependency under either the Wrongful Death Act applicable in the instant case (the 1975 version) or, for that matter, under the current (1985) version of the Act.
First, the language of the statute involved in the Duval case was more restrictive than that used under the subject 1975 version. That statute allowed the wrongful death action to be brought by “any person or persons dependent on such person killed for a support.”[4] Duval at 879. In contrast, the 1975 version (as well as the current version) entitles any blood relative “partly or wholly dependent on the decedent for support or services” to bring an action. To read this definition as requiring the same amount of dependency as that under Duval would be to ignore the meaning of the phrase “partly or wholly dependent.”
Second, in Duval, the parties alleging dependency were decedent’s adult sisters who, upon his death, immediately began earning a greater wage than he had provided for them. In the present case, the plaintiffs are daughters of the decedent and both are full time students. The dependency of an adult sister on her brother for support is understandably more difficult to establish than the dependency on their mother of daughters of the ages and cir *509 cumstances such as those involved in the instant case.
Third, the history of the Wrongful Death Act militates in favor of a liberal construction. But for an anomalous situation, these children would have qualified as minors under the 1975 version of the Act. From 1972 until 1977, the Act defined minors as “children under the age of 21.” In 1976, as above noted, the Supreme Court interpreted the Florida Emancipation Act[5] as amending the Wrongful Death Act so as to define minors as being children under the age of 18.[6] The following year (1977) the legislature amended Section'768.18(1) of the Wrongful Death Act to define minor children as “dependent unmarried children under 21 years of age notwithstanding the age of majority.”[7] In a subsequent amendment, the legislature in 1981 increased the age from 21 to 25 years.[8] From this history, it is clear that 1975 and 1976 were the only years in which an 18 year old and a 19 year old would have to prove that they were dependent blood relatives. In any other year, they would be considered minor children. In addition, it is the express policy of the legislature that the Wrongful Death Act is “remedial and shall be liberally construed.” Section 768.-17, Florida Statutes (1975).
The term “dependent” as used in the 1975 version of the Wrongful Death Act is interpreted in at least one Florida case, Guillen v. Kitching, 354 So.2d 900 (Fla. 3rd DCA 1978). In that case, the brother and sister of the decedent attempted to bring a wrongful death action. In upholding a summary judgment against them, the court adopted the trial court’s order which defined “dependent” as connoting “one who looks to another for aid or support, relies upon same, and one who would not be able to sustain himself without such aid or support_” Id. at 901. The determination in that case that the brother and sister of the decedent under those facts were not dependents as a matter of law does not require, in our view, a similar determination in the present case.
We decline to so narrowly construe the term dependency so as to exclude, as a matter of law, the decedent’s young daughters, who are full time students and have always depended on their parents’ support. Such a construction for the benefit of the tortfeasor, who has by his negligence caused such support to be removed, would run counter to the apparent legislative intent:
It is the public policy of the state to shift the losses resulting when wrongful death occurs from the survivors of the decedent to the wrongdoer.
Section 768.17, Florida Statutes (1975). When all is said and done, the question of whether eighteen year old (and above) high school and college students are wholly or partially dependent is ordinarily a question for the trier of fact.[9]
It has been held in the family law setting that the mere fact that a child is over eighteen and participating in college studies does not automatically make him independent. See e.g. Evans v. Evans, 456 So.2d 956 (Fla. 1st DCA 1984); Finn v. Finn, 312 So.2d 726 (Fla.1975). Finn also declined to limit “dependency” in the fami *510 ly law context to “one who is dependent because of physical or mental incompetence or inability.” Id. at 731. While the definition of “dependency” under various statutes in the family law context[10] is not controlling, such is instructive and supportive of our position. In family law, as in wrongful death, whether a child 18 or 19 years of age is dependent ordinarily depends upon the facts of the case. The mere fact that the child suffers no mental or physical incapacity does not defeat the claim of dependency.
In light of the foregoing, we are persuaded that the trial court erred in directing a verdict in favor of the appel-lees/defendants.
Reversed and Remanded for further proceedings consistent with this opinion.
MILLS and WENTWORTH, JJ., concur.

. Sections 768.16-768.27, Florida Statutes, (1975).

. The court below did not enter a judgment as to the remaining plaintiffs, but instead granted a new trial after plaintiffs rejected a remittitur. The order granting a new trial is not here appealed. See Owens v. Jackson, 476 So.2d 264 (Fla. 1st DCA 1985).

. Section 743.07, Florida Statutes (1975).

. The statute allowed first the spouse, then the minor children to bring such suit. Finally, if none of such parties existed, then such dependent as described above could bring the action. Duval at 879. Under the 1975 version of the Wrongful Death Act, there is no hierarchy of parties entitled to bring the action. The spouse, the minor children, or the dependent blood relative may bring the action.

. See footnote 3 supra.

. Handley v. Liberty Mutual Insurance Company, supra.

. Chapter 77-468, Section 40, Laws of Florida.

. Chapter 81-183, Section 1, Laws of Florida.

. We note that in the 1977 Wrongful Death Act, and until 1981, the term "dependency’ is used in two places. First, it is used, as here, to modify "dependent blood relatives" and second, it is used to modify “minor children” who are defined under that Act as "dependent unmarried children under 21 years of age, notwithstanding the age of majority.” Section 768.18(2), Florida Statutes (1977). The cases interpreting "dependency" in the latter context have construed it even more liberally than we have in this opinion. See e,g. Zimmerman v. Cruz & Garcia, 449 So.2d 996, 997 (Fla. 4th DCA 1984). We decline to hold that the definition of dependency in Zimmerman is controlling in this context, noting that were the dependency requirements the same for minor children as for blood relatives, the legislature would need not differentiate between minor children and blood relatives, as minor children are blood relatives.

. E.g. Section 743.07, Florida Statutes (1973).