Dear Mr. Robinson:
As City Attorney for the City of North Port, you have requested my opinion on substantially the following questions:
 1. May persons under the age of 18 be appointed to serve on advisory boards of the City of North Port?
 2. If the answer to Question One is yes, may minors be appointed to serve on city boards that perform quasi-judicial functions, such as the planning and zoning advisory board, the zoning board of appeals, and the code enforcement board?
According to your letter the City of North Port City Commission created an advisory board, the Youth Opportunities Advisory Board, made up of minors. This board makes recommendations to the city commission on issues affecting minors in the City of North Port. As an example, the youth board recently reviewed a proposed curfew ordinance currently being considered by the city commission and made recommendations to the commission for changes to the language of the draft ordinance. You have general questions about the legal ability of minors to serve on boards or commissions.
At common law it was the rule that any person who had not attained the age of majority as prescribed by law could not hold an office if the duties of that office required the exercise of judgment and discretion.[1] Florida has adopted the English common law. Section 2.01, Florida Statutes, provides:
 "The common and statute laws of England which are of a general and not a local nature, with the exception hereinafter mentioned, down to the 4th day of July, 1776, are declared to be of force in this state; provided, the said statutes and common law be not inconsistent with the Constitution and laws of the United States and the acts of the Legislature of this state."
Thus, it is within the power of the Florida Legislature to adopt provisions that will supercede the common law.[2]
Section 743.07(1), Florida Statutes, states:
 "The disability of nonage is hereby removed for all persons in this state who are 18 years of age or older, and they shall enjoy and suffer the rights, privileges, and obligations of all persons 21 years of age or older except as otherwise excluded by the State Constitution immediately preceding the effective date of this section and except as otherwise provided in the Beverage Law."[3]
Likewise, section 1.01(13), Florida Statutes, provides that the word "minor" includes persons who have not attained the age of 18 years.[4]
Specific statutes make provision for the removal of disabilities of nonage to allow a person to be entitled to benefits under such statutes as the "Home, Farm and Business Loans Act";[5] to permit a minor to borrow money for his or her own higher educational expenses;[6] for purposes of permitting any minor who is 17 years old to consent to blood donation, unless a parent specifically objects in writing;[7] and for emergency medical care or treatment of minors without parental consent.[8] A procedure has also been statutorily provided for the removal of disabilities of minors with regard to artistic or creative services and professional sports contracts.[9] Thus, under these statutory provisions and upon removal of the disabilities of nonage, a minor 16 years of age or older can legally obtain positions of employment, licenses, and other opportunities normally reserved by statute for those who are at least 18 years of age. No statute specifically removes the disabilities of nonage with regard to holding public office.
The common law rule precludes a minor from holding a public office involving the performance of duties requiring the exercise of judgment and discretion. The City of North Port Youth Opportunities Advisory Board is generally charged with "expressing their ideas and concerns"[10] by providing input on relevant subjects to the primary governmental body, which then determines whether subsequent legislative or other action is required. Thus, service on the City of North Port Youth Opportunities Advisory Board does not appear to involve the exercise of discretion and judgment as addressed by the common law rule. Therefore, it is my opinion that the City of North Port may appoint persons under 18 years of age to serve on an advisory board that makes recommendations to the city commission on issues affecting minors.
You have also asked whether the city may appoint a minor to serve on a board that performs quasi-judicial functions, such as the planning and zoning advisory board, the zoning board of appeals and the code enforcement board. A quasi-judicial officer is defined as "an administrative, or even a ministerial, officer when engaged in official acts involving the exercise of judgment and discretion."[11] Thus, it appears that positions requiring the exercise of quasi-judicial authority would come within the scope of the common law prohibition. It appears that the Florida Legislature has acted in limited instances to overcome this common law prohibition, as in the case of "teen courts."[12]
However, I am aware of no general legislative provision authorizing a minor to exercise quasi-judicial authority.
Therefore, it is my opinion that the city may not appoint minors to boards that perform quasi-judicial functions, with the exception of those provided for in the Florida Statutes, as these require the exercise of judgment and discretion which the common law requires be undertaken by persons 18 years of age or older.
Sincerely,
 Charlie Crist, Attorney General
CC/tgh
[1] See 43 C.J.S. Infants s. 112 p. 375; 63 Am.Jur.2d Public Officersand Employees s. 36, p. 657; Ops. Att'y Gen. Fla. 76-120 (1976), 55-166 (1955-1956), and 53-185 (Biennial Report of the Attorney General, 1953-1954, p. 76).
[2] See s. 938.19, Fla. Stat., providing for the operation and administration of teen courts.
[3] Art. III, s. 11(17), Fla. Const., prohibits special laws or general laws of local application for the "relief of minors from legal disabilities[.]"
[4] See Hanley v. Liberty Mutual Insurance Company, 323 So. 2d 301
(1975), aff'd 334 So. 2d 11 (1976) (for all legal purposes, a minor includes any person who has not attained the age of 18 years).
[5] Section 743.04, Fla. Stat.
[6] Section 743.05, Fla. Stat.
[7] Section 743.06, Fla. Stat.
[8] Section 743.064, Fla. Stat.
[9] Section 743.08—743.095, Fla. Stat.
[10] See Resolution No. 05-R-04, City of North Port, passed and adopted January 24, 2005.
[11] 67 C.J.S. Officers s. 5 p. 230.
[12] See s. 938.19, Florida Statutes, providing for the operation and administration of teen courts.